65 F.3d 160
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Wilson OCAMPO, Defendant, Appellant.
 No. 94-2280.
 United States Court of Appeals, First Circuit.
 Sept. 5, 1995.
 
 Dana A. Curhan on brief for appellant.
 Guillermo Gil, United States Attorney, Jose A. Quiles-Espinosa, Senior Litigation Counsel, and Miguel A. Pereira, Assistant United States Attorney, on brief for appellee.
 Before CYR, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant Wilson Ocampo pled guilty to one count of conspiracy to distribute cocaine, see 21 U.S.C. Secs. 841(a)(1), 846, and was sentenced to the statutory mandatory minimum term of 120 months' imprisonment, see 21 U.S.C. Sec. 841(b)(1)(A). After the change of plea hearing but before sentencing, Congress enacted 18 U.S.C. Sec. 3553(f), which allows certain low-level, non-violent drug offenders with little or no criminal history to avoid mandatory minimum sentences. See United States v. Rodriguez, 1995 WL 431015 at * 1 (5th Cir. July 21, 1995). The sole issue raised by this appeal is whether the district court erred in failing to consider Ocampo's eligibility for relief under Sec. 3553(f) and the related guideline provision which applies the statute, U.S.S.G. Sec. 5C1.2.
 
 
 2
 Since Ocampo failed to ask the sentencing court to apply Sec. 5C1.2, the "plain error" standard applies. See Fed.R.Crim.P. 52(b); United States v. Olano, 113 S.Ct. 1770, 1776-79 (1993) (discussing plain error review); United States v. Olivier-Diaz, 13 F.3d 1, 5 (1st Cir.1993) (same). The 120-month sentence imposed by the district court was within Ocampo's guideline range of 108-135 months' imprisonment. Based on our review of the record, however, it appears as if the court may have been unaware of the newly-adopted guideline provision and mistakenly believed that it lacked any source of authority to impose a lesser sentence within the applicable guideline range. Cf. United States v. McAndrews, 12 F.3d 273, 276 n. 2 (1st Cir.1993) (discussing circumstances under which appellate court may review discretionary decision not to depart).
 
 
 3
 Strictly speaking, it is not "plain error" in the literal sense for a district court to ignore a relief provision where the provision's application depends upon the showing of specific facts, where the burden is on the defendant to adduce those facts, and where the defendant has failed to do so. But in criminal cases we have authority to notice possible defects, whether or not evident, to avoid injustice; and in this case it is quite possible that both the defendant and the court were unfamiliar with the recently adopted relief provision. Cf. United States v. Collins, 60 F.3d 4, 7 (1st Cir.1995). Under the circumstances, we think that justice would be served by vacating the sentence and remanding in order to permit the defendant to make the required showing, if he can. Accordingly, we vacate Ocampo's sentence and remand the case so that the district court can decide whether the conditions of Sec. 5C1.2 are met.
 
 
 4
 Vacated and remanded. See Loc. R. 27.1.