UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 7/26/96**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

IGNACIO VILLEGAS-RIVERA,

Defendant-Appellant.

No. 95-2284
(D.C. No. CR 92-554 SC)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

In this direct appeal, Ignacio Villegas-Rivera raises one issue, which challenges the propriety of his sentence.  This court has jurisdiction to address this appeal pursuant to 18 U.S.C. § 3742(a).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

A jury found Villegas-Rivera guilty of conspiracy to possess with intent to distribute more than 500 grams of cocaine, 21 U.S.C. § 846, and possession with intent to distribute more than 500 grams of cocaine, 21 U.S.C. § 841(a)(1), and he was sentenced to a total of 63 months' imprisonment. Villegas-Rivera argues the district court erred in failing to consider his eligibility for relief under 18 U.S.C. § 3553(f) and U.S.S.G. §§ 2D1(b)(4) and 5C1.2. We find no error and affirm.

18 U.S.C. § 3553(f) was enacted "as a 'safety valve' to permit courts to sentence less culpable defendants to sentences under the guidelines, instead of imposing mandatory minimum sentences." United States v. Acosta-Olivas, 71 F.3d 375, 378 (10th Cir. 1995). In order to grant relief under § 3553(f), the sentencing court must find:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (3) the offense did not result in death or serious bodily injury to any person;
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).

U.S.S.G. § 5C1.2 adopts verbatim the language of § 3553(f)(1)-(5). Effective November 1, 1995, a new subsection was added to § 2D1.1 to implement § 5C1.2: "If the defendant meets the criteria set forth in subdivisions (1)-(5) of § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases) and the offense level . . .

2

is . . . 26 or greater, decrease by two levels." U.S.S.G. § 2D1.1(b)(4).

In Villegas-Rivera's presentence investigation report, which was prepared October 24, 1995, approximately one week before § 2D1.1(b)(4) became effective, the probation officer identified § 5C1.2 as a sentencing option and briefly analyzed the five factors. The probation officer concluded that Villegas-Rivera failed to satisfy the fifth factor. U.S.S.G. § 2D1.1(b)(4) was enacted after the report was prepared but before the sentencing hearing was held on November 19, 1995. Villegas-Rivera did not object to the report prior to or at the sentencing hearing and did not request that the district court review his sentence under the safety valve provision.

Villegas-Rivera's trial counsel does not represent him on appeal. He is represented on appeal by an assistant federal public defender. Villegas-Rivera now contends he did not initially object to the report because at that time his sentence exceeded the statutory minimum. He argues, with no positive support in the record, that the only reason the court did not grant relief under § 5C1.2 is because it was unaware of § 2D1.1(b)(4). He also argues if he is given relief under § 2D1.1(b)(4), his offense level will be reduced from 26 to 24, and with his criminal history category of I, his resulting guideline range will be 52-63 months, less than the statutory minimum.

Essentially, Villegas-Rivera urges us to conclude the district court erred by not granting relief sua sponte. He acknowledges, however, that his failure to object before the district court results in plain error review. See Fed. R. Crim. P. 52(b); United States v. Gerber, 24 F.3d 93, 95 (10th Cir. 1994).

Villegas-Rivera relies heavily upon an unpublished decision, United States v. Ocampo, 1995 WL 527359 (1st Cir. Sept. 5, 1995). In Ocampo, defendant pleaded guilty

3

before but was sentenced after Congress enacted 18 U.S.C. § 3553(f). The sentencing court did not consider whether it applied. The First Circuit acknowledged that "[s]trictly speaking, it is not 'plain error' in the literal sense for a district court to ignore a relief provision where the provision's application depends upon the showing of specific facts, where the burden is on the defendant to adduce those facts, and where the defendant has failed to do so." 1995 WL 527359, *1. Nevertheless, because the record indicated the court may not have been aware of the newly-adopted § 3553(f), the First Circuit concluded that "justice would be served" by vacating the sentence and remanding to allow defendant an opportunity to make the required showing. Id.

Unlike Ocampo, here the record affirmatively indicates the predicate is lacking for relief under § 2D1.1(b)(4). The record reveals the district court was aware of the sentencing option provided by § 3553(f) and § 5C1.2. Indeed, the court adopted the factual findings and guideline applications from the presentence investigation report. The report identified the relevant statutory and guideline provisions and analyzed whether they applied, concluding the elements required to satisfy the fifth factor were absent. Although approximately four weeks passed from the date § 2D 1.1(b)(4) became effective and the date of his sentencing hearing, Villegas-Rivera's trial counsel did not dispute that the predicate for relief under § 2D1.1(b)(4) was absent.

We are unpersuaded by Villegas-Rivera's belated attempt to cure an issue he either overlooked or purposefully waived before the district court. We find no plain error.

AFFIRMED. The mandate shall issue forthwith.

> Entered for the Court
>
> Mary Beck Briscoe
> Circuit Judge

4