**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**
No. 94-60733
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ERNESTO RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____
(July 21, 1995)

Before DUHÉ, WIENER, and STEWART, Circuit Judges.

DUHÉ, Circuit Judge:

Ernesto Rodriguez appeals the district court's refusal to apply the "safety valve" provision of 18 U.S.C. § 3553(f) so that he could escape the ten year mandatory minimum sentence of 21 U.S.C. 841(b)(1)(A). In this appeal, we address whether a defendant's statement to a probation officer satisfies the fifth requirement of § 3553(f). Because we answer that question in the negative, we affirm.

BACKGROUND

Rodriguez pled guilty to conspiracy to possess with intent to distribute in excess of five kilograms of cocaine under 21 U.S.C. §§ 841(a)(1), 846. Under the Sentencing Guidelines, the applicable

guideline range for Rodriguez would have been 108 to 135 months. Conviction for drug conspiracy in excess of five kilograms of cocaine, however, carries a mandatory minimum sentence of 120 months. Accordingly, the probation officer revised the lower end of the guideline range to 120 months. See U.S.S.G. § 5G1.1(c)(2).

On September 13, 1994, the Congress enacted 18 U.S.C. § 3553(f), which allows certain defendants convicted of drug crimes to avoid mandatory minimum sentences. The Sentencing Commission adopted a new guideline to apply the statute:

> In the case of an offense under 21 U.S.C. § 841, 844, 846, 960, or 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth verbatim below:
> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (3) the offense did not result in death or serious bodily injury to any person;
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848; and
> (5) not later than the time of the sentencing hearing, _the defendant has truthfully provided to the Government_ all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2 (emphasis added); see also 18 U.S.C.A. § 3553(f) (West Supp. 1995).

2

Rodriguez asked the court to apply § 5C1.2. The Government responded by arguing that Rodriguez had not spoken to the Government nor had he been truthful. Although the probation officer had interviewed Rodriguez in preparation of the Presentence Report, he had not spoken with the Government's case agent. The court allowed Rodriguez the opportunity to speak with the Government's case agent. Rodriguez refused. The court declined to apply § 5C1.2 and sentenced Rodriguez to 120 months in prison.

DISCUSSION

Rodriguez contends that his discussion with the probation officer satisfies the requirement to disclose to the Government all information that he knows about the criminal offense. The issue Rodriguez raises is whether the probation officer is, for purposes of § 5C1.2, "the Government." We are the first court of appeals to address the issue. We review the legal interpretation of the Sentencing Guidelines de novo. United States v. Gadison, 8 F.3d 186, 193 (5th Cir. 1993).[1]

Rodriguez contends that a probation officer is part of the Government. In support, Rodriguez cites our cases that apply § 1B1.8 to statements made to a probation officer. See, e.g., United States v. Marsh, 963 F.2d 72, 74 (5th Cir. 1992). As a fallback argument, Rodriguez contends that we should apply the rule of

---

[1] A sentencing court's refusal to apply § 5C1.2 is a factual finding, which we review for clear error. Cf. United States v. Ronning, 47 F.3d 710, 711 (5th Cir. 1995) (applying clear error standard to a sentencing court's application of § 3B1.1). Because we must define the scope of "Government," however, our review is de novo.

lenity because § 5C1.2's plain meaning and legislative history do not elucidate the scope of "Government."

When the Government provides use immunity to a defendant pursuant to a plea agreement, Section 1B1.8(a) prohibits the use of the defendant's statements in calculating his applicable guideline range.[2]  A defendant's statements to a probation officer in reliance on a plea agreement cannot be considered in calculating the defendant's guideline range.  Marsh, 963 F.2d at 74.  We based our decision in Marsh on the commentary:

> The guideline operates as a limitation on the use of such incriminating information in determining the applicable guideline range, and not merely as a restriction of the government's presentation of such information (e.g., where the defendant, subsequent to having entered into a cooperation agreement, provides such information to the probation officer preparing his presentence report, the use of such information remains protected by this section).

U.S.S.G. § 1B1.8 commentary n.5.  As the commentary explains, § 1B1.8 restricts the use of the defendant's information and is not limited to its presentation by the Government.  For example, just because a defendant provides a probation officer with the same incriminating information that the prosecutor possesses does not allow the defendant's statements to be considered in deciding his

---

[2]  Section 1B1.8(a) provides in full:
> Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.

U.S.S.G. § 1B1.8(a).

4

guideline range. Thus, the commentary's example tends to distinguish probation officers from the Government. Neither § 1B1.8 nor its commentary equate a probation officer with the Government. Rather, the commentary implies the opposite.

The Government contends that we should read § 5C1.2 _in pari materia_ with Federal Rule of Criminal Procedure 32(c), which addresses sentencing. This tool of statutory construction allows us to consider all statutes that relate to the same topic; therefore, if a thing in a subsequent statute comes within the reason of a former statute, we transpose the former statute's meaning to the thing in the subsequent statute. _United States v. Freeman_, 44 U.S. (3 How.) 556, 564 (1845). In the context of the sentencing hearing, Rule 32(c) uses "Government" in conjunction with "attorney" or "counsel."[3] By the use of _in pari materia_, the Government argues that we should construe "Government" in § 5C1.2 the same way. The Government's position is supported by § 5C1.2's explicit cross reference to Rule 32. _See_ § 5C1.2 commentary n.8.[4]

---

[3] "At the sentencing hearing, the court must afford counsel for the defendant and for the Government an opportunity to comment on the probation officer's determination and on other matters relating to the appropriate sentence . . . ." Fed. R. Civ. P. 32(c)(1).
    "Before imposing sentence, the court must . . . afford the attorney for the Government an opportunity equivalent to that of the defendant's counsel to speak to the court . . . ." _Id._ 32(c)(3).

[4] The cross reference is to Rule 32(a)(1), but Rule 32 does not have a subsection (a)(1). The Government notes that subsection (c)(1) used to be (a)(1) before 1987. The Government, however, does not venture a guess why the new guideline cites an obsolete version of the rule.

5

We agree with the Government and the district court that the probation officer is, for purposes of § 5C1.2, not the Government. The purpose of the safety valve provision was to allow less culpable defendants who fully assisted the Government to avoid the application of the statutory mandatory minimum sentences. See H.R. Rep. 460, 103d Cong., 2d Sess. (1994). A defendant's statements to a probation officer do not assist the Government. Accordingly, we conclude that the district court did not err in treating Rodriguez's statements to the probation officer as not satisfying § 5C1.2.[5]

## CONCLUSION

For the foregoing reasons, the district court's sentence is AFFIRMED.

---

[5] Had we concluded otherwise, we would have applied a harmless-error analysis. See Williams v. United States, 112 S. Ct. 1112, 1120-21 (1992). Because Rodriguez disregarded the district court's invitation to speak with the Government's case agent, we are quite confident that the district court on remand would have given Rodriguez the same sentence.