USCA1 Opinion

 

 September 5, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2280 UNITED STATES, Appellee, v. WILSON OCAMPO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Lynch, Circuit Judges. ______________ ____________________ Dana A. Curhan on brief for appellant. ______________ Guillermo Gil, United States Attorney, Jose A. Quiles-Espinosa, _____________ ________________________ Senior Litigation Counsel, and Miguel A. Pereira, Assistant United __________________ States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Defendant-appellant Wilson Ocampo pled ___________ guilty to one count of conspiracy to distribute cocaine, see ___ 21 U.S.C. 841(a)(1), 846, and was sentenced to the statutory mandatory minimum term of 120 months' imprisonment, see 21 U.S.C. 841(b)(1)(A). After the change of plea ___ hearing but before sentencing, Congress enacted 18 U.S.C.  3553(f), which allows certain low-level, non-violent drug offenders with little or no criminal history to avoid mandatory minimum sentences. See United States v. Rodriguez, ___ _____________ _________ 1995 WL 431015 at *1 (5th Cir. July 21, 1995). The sole issue raised by this appeal is whether the district court erred in failing to consider Ocampo's eligibility for relief under 3553(f) and the related guideline provision which applies the statute, U.S.S.G. 5C1.2.  Since Ocampo failed to ask the sentencing court to apply 5C1.2, the "plain error" standard applies. See Fed. R. ___ Crim. P. 52(b); United States v. Olano, 113 S. Ct. 1770, _____________ _____ 1776-79 (1993) (discussing plain error review); United States _____________ v. Olivier-Diaz, 13 F.3d 1, 5 (1st Cir. 1993) (same). The ____________ 120-month sentence imposed by the district court was within Ocampo's guideline range of 108-135 months' imprisonment. Based on our review of the record, however, it appears as if the court may have been unaware of the newly-adopted guideline provision and mistakenly believed that it lacked any source of authority to impose a lesser sentence within the applicable guideline range. Cf. United States v. ___ ______________ McAndrews, 12 F.3d 273, 276 n.2 (1st Cir. 1993) (discussing _________ circumstances under which appellate court may review discretionary decision not to depart).  Strictly speaking, it is not "plain error" in the literal sense for a district court to ignore a relief provision where the provision's application depends upon the showing of specific facts, where the burden is on the defendant to adduce those facts, and where the defendant has failed to do so. But in criminal cases we have authority to notice possible defects, whether or not evident, to avoid injustice; and in this case it is quite possible that both the defendant and the court were unfamiliar with the recently adopted relief provision. Cf. United States v. Collins, 60 ___ _____________ _______ F.3d 4, 7 (1st Cir. 1995). Under the circumstances, we think that justice would be served by vacating the sentence and remanding in order to permit the defendant to make the required showing, if he can. Accordingly, we vacate Ocampo's sentence and remand the case so that the district court can decide whether the conditions of 5C1.2 are met. Vacated and remanded. See Loc. R. 27.1.  _____________________ ___ -3-