94 F.3d 654
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus ROMERO-RODRIGUEZ, Defendant-Appellant.
 No. 95-10191.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1996.
Decided Aug. 7, 1996.
 
 1
 Before: HALL and BRUNETTI Circuit Judges, and WEINER,[1] Senior District Judge.
 
 MEMORANDUM[2]
 
 2
 In this appeal, we are called upon to determine whether under U.S.S.G. § 5C1.2 a criminal defendant charged with a low level drug offense can obtain relief from the statutorily mandated minimum sentence, where he provides information to an employee of the Judicial Branch, rather than to an Executive Branch official. Defendant Jesus Romero-Rodriguez (Romero) was indicted on charges of conspiracy to possess with the intent to distribute marijuana and possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a). Following the defendant's guilty plea, the district court sentenced Romero to a term of imprisonment of sixty months. Romero appeals his sentence, arguing that (1) the district court erred by not granting relief from the mandatory minimum sentence, pursuant to the so-called "safety valve" provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2; and (2) the district erred by failing to grant him an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b)(2). For the reasons which follow, we affirm the sentence imposed by the district court.
 
 
 3
 On September 13, 1994, Congress enacted 18 U.S.C. § 3553(f), which allows certain defendants convicted of drug crimes to avoid mandatory minimum sentences.[3] The United States Sentencing Commission adopted U.S.S.G. § 5C1.2 to apply the statute:
 
 
 4
 In the case of an offense under 21 U.S.C. § 841, 844, 846, 960, or 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) ...
 
 
 5
 U.S.S.G. § 5C1.2; see also 18 U.S.C. § 3553(f). It is undisputed that Romero met all the requirements of § 5C1.2, with the exception of subsection (5). The district court found that, unlike his co-defendant, Romero failed to engage in a "free talk" with government agents. He had not truthfully provided the Government with all the information and evidence in his possession. Accordingly, the district court sentenced Romero to the statutory minimum of sixty months incarceration.
 
 
 6
 Romero argued to the district court, and argues again on appeal, that he did in fact provide to the Government all the information and evidence he had about the conspiracy when he gave a statement to his probation officer, in the course of the preparation of his pre-sentence report, and sent a letter addressed "to whom it may concern" to the district court and the probation officer, setting forth his complete knowledge of the events. He asserts the district court erred when it determined that these statements were not made "to the Government", and thus did not satisfy § 5C1.2.
 
 
 7
 The defendant argues the term "the Government", as used in the statute and guideline, is ambiguous and can refer to his probation officer or the court. Under this interpretation, Romero argues he satisfied the requirement with his letter and by giving information to the probation officer who prepared the presentence report. The Government argues the term refers only to Executive Branch law enforcement officers such as the United States Attorney or FBI agents. Reading the Guidelines in pari materia with Federal Rule of Criminal Procedure 32, we agree with the Fifth Circuit that a probation officer is not "the Government" for purposes of § 5C1.2. See United States v. Rodriguez, 60 F.3d 193 (5th Cir.1995).
 
 
 8
 Romero's argument, that there is no commonly understood meaning or definition which could explain Congressional intent for the term "Government", is misplaced. Ambiguity is a creature not of definitional possibilities, but of statutory context. Brown v. Gardner, 513 U.S. 115, 115 S.Ct. 552, 555, 130 L.Ed.2d 462 (1994). Application Note 2 to § 3E1.1 makes clear the intent of the drafters when using the term was to refer to those Executive Branch officials charged with prosecution of criminal defendants:
 
 
 9
 This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse.
 
 
 10
 The Background Note to the Section reinforces this interpretation:
 
 
 11
 Subsection (b) provides an additional 1-level decrease for a defendant at offense level 16 or greater prior to operation of subsection (a) who both qualifies for a decrease under subsection (a) and has assisted authorities in the investigation or prosecution of his own misconduct ...
 
 
 12
 The Executive Agency officers that investigate and prosecute misconduct are wholly distinct from those Judicial Branch employees who prepare presentence reports. Probation Officers generally, and specifically in their conduct of presentence investigations, are adjuncts of the Courts, not members of the prosecution team. Their primary responsibility is to gather information about the defendant's history and characteristics, which may be helpful in the Court's sentencing decision or in correctional treatment, and classify the offense under the Sentencing Guidelines. See generally, Fed.R.Crim.P. 32(b)(4); 18 U.S.C. § 3552(a). They have no role in the prosecution of the underlying crime.
 
 
 13
 The language and design of the statute as a whole leads to the inescapable conclusion that Congress intended to benefit those defendants who assist "the Government" by giving information to those governmental employees who can use it in the investigation and prevention of crime, i.e. members of the Executive Branch. This conclusion is buttressed by the language of the other sections of § 3553, most tellingly in Subsection (e), where Congress uses the terms "Government" and "court" in the same sentence to mean clearly separate entities. In Subsection (e), the authority of the Judicial Branch to impose a sentence below the mandatory minimum is made expressly dependent upon a "motion of the Government". Since words used in different parts of same statute are assumed to have the same meaning throughout, Dept. of Revenue of Oregon v. A.C.F. Indus., 510 U.S. 332, 114 S.Ct. 843, 849 (1994), we find it beyond peradventure that if Congress intended to grant an exception to the mandatory minimum to defendants who gave statements to their probation officers, it would have employed different language than that used in § 3553(f). As it is undisputed that Romero did not provide information to the United States Attorney, or the Executive Branch law enforcement agents investigating his activities, there was no error when the district court refused to apply the provisions of 18 U.S.C. § 3553(f) and sentenced Romero to the statutory minimum of 60 months incarceration.
 
 
 14
 Next, Romero argues he was entitled to an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b)(2). The Sentencing Guidelines permit the district court to reduce the offense level by two levels if a defendant "clearly demonstrates acceptance of responsibility for his offense". U.S.S.G. § 3E1.1(a). An additional one-level reduction is afforded to a defendant if he has
 
 
 15
 assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
 
 
 16
 (1) timely provided complete information to the government concerning his own involvement in the offense; or (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently ...
 
 
 17
 U.S.S.G. § 3E1.1(b). The district court granted Romero the two-level reduction provided in § 3E1.1(a), but denied him the additional one-level reduction provided for in § 3E1.1(b). Since Romero's Base Offense Level, determined by the quantity of drugs found by authorities, was 26, his total offense level after the two-level reduction was 24.
 
 
 18
 Romero argues the district court erred in refusing to grant him the additional one-level reduction under Subsection (b), in effect punishing him for exercising his constitutional right to proceed with a pre-trial motions hearing. See United States v. Kimple, 27 F.3d 1409, 1412-13 (9th Cir.1994) (Where both goals of §§ 3E1.1(b)(2) are met, the passage of time is not determinative; the denial of a reduction under (b)(2) is impermissible if it penalizes a defendant for exercising his constitutional rights.) Given our resolution of the "safety valve" issue, any error in the district court's determination of Romero's entitlement to a third offense level reduction is harmless.
 
 
 19
 Where an alleged error "does not affect the district court's selection of the sentence imposed", the error is harmless. Williams v. United States, 503 U.S. 193, 203, 112 S.Ct. 1112, 1121, 117 L.Ed.2d 341 (1992). Under the Sentencing Table found at U.S.S.G. § 5A, a defendant with a Criminal History Category of I and an offense level of 24 is to be sentenced within a range of 51 to 63 months. If the district court had granted Romero the additional one-level reduction and lowered his offense level to 23, his sentence range would have been between 46 and 57 months. Since he was not entitled to relief from the statutory minimum sentence of 60 months, and the district court did not sentence him above that minimum, even if the district court lowered his offense level to 23, his sentence would have been the same. Hence, any error in the court's consideration of the issue was harmless.
 
 
 20
 For the foregoing reasons, we affirm the sentence imposed by the district court.
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [2]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [3]
 18 U.S.C. § 3553(f) was enacted to provide relief for the least culpable actors in drug cases, because they are seldom eligible for other mitigating factors. See H.R.Rep. No. 103-460, 103 Cong., 2nd Sess. 1994, Summary and Purpose ("... the act permits a narrow class of defendants, those who are the least culpable participants in such offenses to receive strictly regulated reductions in prison sentences for mitigating factors currently recognized under the federal sentencing guidelines" (emphasis in original)). U.S.S.G. § 5C1.2 contains the exact same requirements as the statute