**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 95-5486

RAY WILLIS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 95-5487

JIMMY BARTLETT,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-94-47)

Submitted: March 31, 1997

Decided: June 2, 1997

Before HALL, LUTTIG, and MOTZ, Circuit Judges.

_____

No. 95-5486 dismissed and No. 95-5487 affirmed by unpublished per
curiam opinion.

_____

**COUNSEL**

Terry F. Rose, CLOER & ROSE, Hickory, North Carolina; David G. Belser, BELSER & PARKE, P.A., Asheville, North Carolina, for Appellants. Mark T. Calloway, United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ray Willis and Jimmy Bartlett pled guilty to participating in a conspiracy to possess with intent to distribute and to distribute more than 500 grams of cocaine. 21 U.S.C. § 846 (1994). Both executed plea agreements which contained identical provisions waiving the right to appeal a sentence which did not exceed the maximum of the applicable sentencing guideline range, but excepting claims of ineffective assistance or prosecutorial misconduct. Both were sentenced to a term of 60 months, the statutory minimum. Each noted an appeal of his sentence. We dismiss Willis' appeal on the basis of the waiver in his plea agreement. We find that Bartlett's appeal is not precluded by the waiver and affirm his sentence.

I. <u>Willis</u>

A defendant may waive his statutory right to appeal his sentence if the waiver is knowing and voluntary. <u>United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992). To ensure that the waiver is knowing and voluntary, the district court should specifically question the defendant about the waiver provision before accepting his plea. <u>Id.</u> Whether the waiver is effective is a legal issue which we review de novo. <u>Id.</u> Willis acknowledged before he entered his plea that he

2

understood that he was waiving his right to appeal his sentence. Therefore, the waiver is valid. Willis does not claim that he received ineffective assistance of counsel or that prosecutorial misconduct occurred. Consequently, his appeal will be dismissed.

II. Bartlett

For the same reasons, Bartlett's waiver is also valid. However, he claims that the government breached the plea agreement by not requesting a substantial assistance departure, USSG§ 5K1.1, p.s.[1] and asserting that Bartlett had not qualified for a sentence below the mandatory minimum under the safety valve provision, 18 U.S.C. § 3553(f) (1994); USSG § 5C1.2. The waiver provision does not preclude an appeal on these grounds.[2] Because Bartlett did not make these claims in the district court, they are reviewed under the plain error standard. See United States v. Olano, 507 U.S. 725, 732-36 (1993) (defendant must show error which is plain, has prejudiced him, and requires correction to protect the integrity of judicial proceedings). Because the alleged breach and prosecutorial misconduct are intertwined with the other sentencing issues Bartlett raises, we find it necessary to address all of the issues raised by Bartlett.

The probation officer recommended that Bartlett was responsible for 24 ounces (680.4 grams) of cocaine and had earned a 3-level adjustment for acceptance of responsibility, USSG§ 3E1.1. The probation officer also recommended that Bartlett appeared to meet the criteria in 18 U.S.C. § 3553(f) for a sentence below the statutory man-

_____

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1994).
[2] Bartlett alleges in his appeal brief that the waiver does not apply because his sentence was greater than the maximum of the guideline range. This argument is incorrect because, when the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence becomes the guideline range. USSG § 5G1.1(b). Thus, Bartlett's guideline range was 60 months unless he qualified for a sentence below the mandatory minimum by operation of the safety valve provision. The waiver in the plea agreement permitted an appeal of his sentence in the event of an upward departure. No departure was made here.

3

datory minimum of 60 months. Bartlett objected to the recommended drug amount, alleging that the amount was "substantially less" than 24 ounces.

A few days before the date scheduled for sentencing, the government moved for a continuance because the Assistant United States Attorney who was assigned to the cases was out of the country; the prosecutor who was standing in for her stated that he had "been informed that the United States has committed itself to make motions for downward departures in these cases." The district court's response is not in the record, but sentencing took place as originally scheduled.

At the beginning of Bartlett's sentencing, the government informed defense counsel that it would oppose a sentence under the safety valve provision. The government contended that Bartlett had not fulfilled the fifth requirement: that by the time of sentencing the defendant truthfully provide "to the government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or common scheme or plan." 18 U.S.C. § 3553(f)(5); USSG § 5C1.2(5).

The two investigating agents testified that Bartlett had refused to cooperate when he was approached just after his arrest and that he had not provided any information since then. They acknowledged that he had not been approached again following his initial refusal to cooperate. Bartlett's attorney argued that Bartlett had told everything he knew to the probation officer after he entered into the plea agreement and that, in doing so, he had complied with the fifth criteria in § 3553(f). The district court ultimately determined that Bartlett had not complied with the last criteria of § 3553(f).

The district court also heard testimony from the agents concerning the amount of cocaine which Bartlett had purchased from co-conspirator Charles Knight over the six-month period that Bartlett was involved in the conspiracy. Knight told investigators that Bartlett was a street-level distributor who received one to three ounces of cocaine from him every week during the six months before Knight was indicted. Bartlett testified that he bought or was fronted about 12 ounces of cocaine. The district court concluded that Bartlett had received 24 ounces of cocaine.

4

Bartlett's assertion that the plea agreement was breached is based on (1) the supposed admission by the government attorney that the United States had committed itself to making a downward departure motion and (2) his own claim that he told everything he knew to the probation officer. In the motion for a continuance, the government attorney stated only that he had "been informed" that there was a commitment for a downward departure. The government attorney never explained who had so informed him. However, the plea agreement contained no promise to recommend a departure on any ground, or to debrief Bartlett.

This Court has held that a defendant seeking the benefit of the safety valve provision must affirmatively act to truthfully provide the government with all information he has concerning his offense and must also acknowledge responsibility for his actions. United States v. Withers, 100 F.3d 1142, 1147 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3631 (U.S. Mar. 17, 1997) (No. 96-7884); United States v. Ivester, 75 F.3d 182, 184-85 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3837 (U.S. June 17, 1996) (No. 95-8998). He may not rely on the government's failure to debrief him unless the government has promised to do so. See United States v. Beltran-Ortiz, 91 F.3d 665, 668-69 (4th Cir. 1996).

Bartlett's attorney argued that his client had truthfully provided all the information he had to the probation officer after entering his guilty plea and that it had been his understanding that disclosure to the probation officer satisfied the last requirement of § 3553(f). The district court rejected the argument. While this court has not addressed the question, other circuits have held that, for purposes of the safety valve provision, the prosecuting authority, not the probation officer, is "the government." See United States v. Jimenez Martinez, 83 F.3d 488, 495-96 (1st Cir. 1996); United States v. Rodriguez, 60 F.3d 193, 195-96 (5th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. Nov. 27, 1995) (No. 95-6481). We find this authority persuasive.

We note also that, at the sentencing hearing, Bartlett admitted receiving only 12 ounces of cocaine, not the 24 ounces recommended by the probation officer. Despite the 3-level adjustment for acceptance of responsibility he was given,[3] it appears that either Bartlett

_____

[3] The government argues that Bartlett did not deserve the adjustment, but did not object below and has not appealed the district court's adoption of the probation officer's recommendation.

5

had changed his mind about providing full and truthful information or he had never admitted receiving that amount to the probation officer. Based on the testimony of the investigating agents, the district court did not plainly err in finding Bartlett responsible for 24 ounces of cocaine. Because Bartlett did not make an affirmative effort to provide complete and truthful information to the prosecutor or government agents and because he minimized his culpability at sentencing, the district court did not err in finding that he did not qualify for a sentence under the safety valve provision.

Finally, the record does not disclose that Bartlett joined in the government's motion for a continuance or objected to the denial of the motion. Bartlett now asserts that he was prejudiced because the Assistant United States Attorney who had negotiated his plea was not present. However, she had advised the government attorney who was standing in for her that the probation officer had been mistaken in recommending that Bartlett was qualified for a sentence under the safety valve. Moreover, the district court assured defense counsel that his account of his conversations with that prosecutor was accepted as true. Under a plain error standard of review, Bartlett has not shown that he was prejudiced by the denial of a continuance.

Accordingly, we dismiss Willis' appeal. Bartlett's sentence is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 95-5486 - <u>DISMISSED</u>
No. 95-5487 - <u>AFFIRMED</u>

6