**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 96-20809

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES EARL WILLIAMS,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(CR-H-282-14)

September 5, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

James Earl Williams appeals his conviction and sentence for conspiracy to possess with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 846. Williams's court-appointed counsel alleges that no nonfrivolous issues exist on appeal and thus has submitted a motion to withdraw. Finding no

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

meritorious issues for appeal, we grant defense counsel's motion and dismiss Williams's appeal.

I

Williams pleaded guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 846. Williams admitted in district court to participating in a crack cocaine conspiracy by acting as a "runner" between drug sellers in Bryan and College Station, Texas and drug distributors in Houston, Texas. When the district court subsequently asked Williams if he had intended to commit the acts to which he had admitted, Williams responded, "I didn't mean to do it." The district court reiterated its question, and Williams responded that the facts recited by the government were true and that he had intended to commit the acts described. The district court found that Williams pleaded guilty voluntarily and knowingly, and that an adequate factual basis supported the plea. The court sentenced him to 135 months in custody, a five-year term of supervised release, and a $50.00 special assessment. Williams appeals.

II

Williams's court-appointed counsel filed a motion to withdraw from this appeal pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967), which establishes the procedure an appointed attorney must follow in

order to withdraw from an appeal. If, after a conscientious examination, counsel finds that no nonfrivolous issues remain in an appeal, he or she may request permission from the appellate court to withdraw. *Id.* Counsel must brief the court on any issue that might arguably support an appeal and give the appellant an opportunity to argue any point he or she chooses. *Id.* After a full examination by the court, if the appeal is found to be wholly frivolous, the court may grant counsel's request to withdraw and dismiss the appeal. *Id.* Counsel in this case briefed the issues he believes might arguably support an appeal, and he provided Williams with a copy of the brief. Williams also submitted a brief addressing several issues.

Williams initially argues that his guilty plea was uninformed and involuntary; counsel contradicts this contention.[1] Rule 11 of the Federal Rules of Criminal Procedure requires the district court to follow certain procedures in taking a plea to ensure that the plea is knowing and voluntary. In determining whether the district court complied with Rule 11, we conduct "a straightforward, two-question 'harmless error' analysis: (1) Did the sentencing court in fact vary from the procedures required by Rule 11, and (2) if so, did such variance affect substantial rights of the defendant?"

---

[1] Counsel argues in the alternative that Williams waived in the plea agreement his right to appeal the entry of his guilty plea. The waiver-of-appeal provision in Williams's plea agreement, however, only pertains to Williams's waiver of his right to appeal his sentence or the manner in which it was determined.

*United States v. Johnson*, 1 F.3d 296, 298 (5th Cir. 1993) (en banc).

Review of the plea colloquy reveals that the district court complied with the procedures required by Rule 11.  The court informed Williams of, and determined that Williams understood, the following:  the nature of the charge against him; the mandatory minimum penalty provided by law; the maximum possible penalty provided by law; the effect of the supervised release term; the court's duty to consider the applicable sentencing guidelines; and the court's ability to depart from those guidelines under some circumstances.  The court also informed Williams of the following rights:  his right not to plead guilty; his right to a jury trial and to counsel; his right to confront and cross-examine adverse witnesses; and his right against compelled self-incrimination. Finally, the court informed Williams that by pleading guilty he waived his right to a jury trial and that his answers to the court's questions could be used against him in a subsequent perjury prosecution.

In response, Williams stated that he had not been induced to plead guilty by promises made to him by any person, he acknowledged that he understood that his plea agreement limited his right to appeal, and he executed the plea agreement in open court. Williams's bare allegation that his plea was involuntary and unknowing does not undermine the record evidence demonstrating that

Williams's plea was knowing and voluntary and that the district court complied with Rule 11 in all respects.

In addition, without providing any specific argument, Williams generally asserts that his plea was not supported by an adequate factual basis. Rule 11(f) obligates the district court to question a defendant or examine the record to satisfy itself that an adequate factual basis for a guilty plea exists. *United States v. Adams*, 961 F.2d 505, 508 (5th Cir. 1992) (per curiam).

In this case, the Assistant United States Attorney ("AUSA") summarized the factual basis for Williams's guilty plea. The AUSA stated that Williams participated in a crack cocaine conspiracy by acting as a "runner" between drug sellers in Bryan and College Station, Texas and drug distributors in Houston, Texas. The AUSA explained that Williams had admitted his role in the offense and that surveillance would independently establish Williams's role.

Williams acknowledged the truth of the government's description of the events. When the district court subsequently asked Williams if he had intended to commit the acts to which he had admitted, Williams responded, "I didn't mean to do it." The district court reiterated its question, and Williams responded that the facts recited by the government were true and that he had intended to commit the acts described. As a result, the district court found that an adequate factual basis supported the plea. Our review of the record supports the district court's conclusion that

an adequate factual basis supported Williams's guilty plea.

Williams next argues that the district court erred in its calculation of the quantity of narcotics attributable to him for sentencing purposes because the quantity attributed to him was not foreseeable. We generally review for clear error a district court's factual findings regarding the quantity of drugs attributable to the defendant for sentencing purposes. *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995). However, because Williams failed to object to the district court's drug quantity finding, we will not reverse unless we find plain error. *United States v. Ruiz*, 43 F.3d 985, 988 (5th Cir. 1995); Fed. R. Crim. P. 52(b). To be "plain," an error must be so conspicuous that the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it. *Ruiz*, 43 F.3d at 992.

Without making separate findings regarding the drug quantity attributable to Williams, the district court adopted the probation officer's recommendation in the Presentence Report ("PSR") that the same amount of crack cocaine be attributed to Williams for sentencing purposes as was attributed to Melvin Smith, the leader and organizer of the group of drug dealers. The court also adopted the statement in the PSR that Williams made at least four trips on Smith's behalf to retrieve powder cocaine from codefendant Domingo Rodriguez. In light of Williams's failure to object, we find no

plain error in the district court's drug quantity finding. *See United States v. McCaskey*, 9 F.3d 368, 376 (5th Cir. 1993) (per curiam) ("[Q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error."), *cert. denied*, 511 U.S. 1042, 114 S. Ct. 1565, 128 L. Ed. 2d 211 (1994); *see also Ruiz*, 43 F.3d at 991 ("[W]e have consistently held that the failure of the district court to make findings was not error in the absence of a timely objection by the defendant.").

Counsel points to two other possible issues for appeal. First, counsel notes that the district court rejected Williams's request for a decrease in his total offense level for acceptance of responsibility. The defendant bears the burden of demonstrating that he is entitled to the reduction for acceptance of responsibility, and we review the sentencing court's determination with even more deference than the "clearly erroneous" standard. *United States v. Flucas*, 99 F.3d 177, 180 (5th Cir. 1996) (per curiam), *cert. denied*, __ U.S. __, 117 S. Ct. 1097, 137 L. Ed. 2d 229 (1997). The entry of a guilty plea does not entitle a defendant to a reduction for acceptance of responsibility as a matter of right. *Id.*

Here, the district court adopted the probation officer's recommendation in the PSR that Williams not receive a downward adjustment for acceptance of responsibility. The probation officer

-7-

based this recommendation on the fact that Williams had sent letters to the United States Probation Office in which he denied transporting drugs for anyone and asserted that he had only cleaned automobiles for Melvin Smith. Williams did not offer any evidence rebutting the findings contained in the PSR. The district court was thus free to adopt the findings in the PSR without further inquiry or explanation. *See Vital*, 68 F.3d at 120 ("[I]f no relevant affidavits or other evidence is submitted to rebut the information contained in the PSR, the court is free to adopt its findings without further inquiry or explanation."). Under these circumstances, the district court did not err in denying Williams a reduction for acceptance of responsibility.

Counsel also points to the district court's denial of Williams's motion to disregard the statutory mandatory minimum sentence pursuant to the "safety valve" provision in USSG § 5C1.2 as an arguable issue for appeal. We review a district court's refusal to apply § 5C1.2 for clear error. *United States v. Rodriguez*, 60 F.3d 193, 195 n.1 (5th Cir.), *cert. denied*, __ U.S. __, 116 S. Ct. 542, 133 L. Ed. 2d 446 (1995).

Section 5C1.2 is a "safety valve" provision which allows qualified defendants to escape the applicable statutory minimum sentence. *United States v. Edwards*, 65 F.3d 430, 433 (5th Cir. 1995). Section 5C1.2 allows this relief only if the defendant meets five criteria:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, or supervisor of others in the offense, as determined under sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful information shall not preclude a determination by the court that the defendant has complied with this requirement.

*Id.*

Here, it is undisputed that Williams satisfied the first four requirements for application of § 5C1.2. The record contains no evidence, however, that Williams attempted to provide any information to the government.[2] As a result, the district court

---

[2] The appendix attached to Williams's supplemental brief contains a letter to Williams from his attorney. In this letter, in which counsel notified Williams of the filing of the *Anders* motion, counsel states: "I must advise you that on the issue of the application of the safety valve, I failed to ensure that the record contained affirmatively my discussion with [AUSA] Tom Meehan wherein I indicated your willingness to speak with the government. Mr. Meehan's response was that the government was not interested. I am prepared to provide you with an affidavit to this effect should you make a decision to file an application for post-conviction relief under 28 U.S.C. § 2255."

did not err in denying Williams's § 5C1.2 motion.[3]

Williams last argues that he received ineffective assistance of counsel during the plea proceedings. Williams did not raise this issue in district court and therefore cannot raise it on direct appeal. *See United States v. Price*, 95 F.3d 364, 369 (5th Cir. 1996) (per curiam) ("Because Price's claim of ineffective assistance of counsel was not raised below so that an adequate record could be developed, this claim must be dismissed without prejudice to his right to raise it in a future section 2255 proceeding.").

## III

Based on the foregoing, we find no meritorious issues to support Williams's appeal. We therefore GRANT counsel's request to withdraw and DISMISS Williams's appeal. We GRANT Williams's motion for leave to file his supplemental brief.

---

[3] Counsel contends that Williams waived his right to appeal his sentence. The waiver-of-appeal provision in Williams's plea agreement states that Williams was

> aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, the defendant waives the right to appeal the sentence (or the manner in which it was determined) except that the defendant reserves the right to appeal for the following reasons only:
>
> (1) The sentence was imposed in violation of law;
>
> (2) The sentence was imposed as a result of an incorrect application of the sentencing guidelines.

Because we have found that the district court committed no errors in sentencing Williams, we need not determine the scope of this waiver-of-appeal provision.