IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10343
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellant,

versus

RAFAEL CUEVAS,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CR-120-1-D
--------------------

September 23, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Rafael Cuevas appeals his sentence following his guilty-plea conviction for possession of heroin with intent to distribute, a violation of 21 U.S.C. § 841(a)(1).  Cuevas' attorney has filed a Motion to File Brief and Appendix in Present Form in this court. That motion is GRANTED.

     Cuevas argues that the district court erred in denying him a safety-valve reduction pursuant to U.S.S.G. § 5C1.2.  The district court denied this reduction based on a determination

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Cuevas had not, as of the time of the sentencing hearing, truthfully provided to the Government all the information that he had concerning the offense.  There is no clear error in this determination.  See United States v. Rodriquez, 60 F.3d 193, 195 n.1 (5th Cir. 1995).

Cuevas next argues that he should have received a downward departure based on his age, health, and military service.  He contends both that the district court was mistaken in its belief that it lacked authority to depart below the statutory minimum and that the district court erred in refusing to grant the departure.

This court lacks jurisdiction to review a defendant's challenge to his sentence based on mere dissatisfaction with the court's refusal to grant a downward departure, unless the court's refusal was the result of a violation of law or a misapplication of the Guidelines.  United States v. DiMarco, 46 F.3d 476, 477 (5th Cir. 1995)(citing 18 U.S.C. § 3742).  A refusal to depart is a violation of law if the court mistakenly assumed that it lacked the authority to depart.  United States v. Burleson, 22 F.3d 93, 95 (5th Cir. 1994).

The district court did state that it lacked the legal authority to depart below the statutory minimum.  However, alternatively assuming that this belief was erroneous, the district court also stated as an "independent and alternative" reason for judgment that, assuming it had the authority to grant the departure, it refused to do so in the exercise of its discretion.  There is thus no violation of law, and we lack

jurisdiction to consider Cuevas' contention that the district court erred in exercising his discretion to not grant the departure.

Accordingly, Cuevas' sentence is AFFIRMED.