UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 99-20784
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

JORGE LUIS TERRAZAS-BARRON,
also known as Jorge Terrazas,

Defendant-Appellee.
_____

Appeal from the United States District Court
for the Southern District of Texas
(H-99-CR-91-ALL)
_____

June 23, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Jorge Luis Terrazas-Barron pleaded guilty to illegal re-entry into the United States following his earlier deportation, in violation of 8 U.S.C. § 1326(a).  Because Terrazas' deportation followed his 1995 Texas conviction for possession of more than 50 pounds of marijuana, the Probation Office recommended that Terrazas' base offense level be increased by 16 levels, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), based on Terrazas' prior "aggravated

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

felony". This increase would have given Terrazas a Sentencing Guideline imprisonment range of 46 to 57 months. However, the district court sustained Terrazas' objection to this proposed increase, increased the offense level by only four levels under § 2L1.2(b)(1)(B), and sentenced him to 16 months in prison. The Government appeals the sentence.

In a footnote in his brief, quoting *United States v. Riggins*, 68 F.3d 479, 1995 WL 610333, at *2 (8th Cir. 1995) (unpublished; dismissing Government's cross-appeal of sentence based on Government's failure to provide proof of authorization for appeal), Terrazas asserts that "18 U.S.C. § 3742(b) arguably requires the United States to provide this Court with proof of the 'personal approval of the Attorney General, Solicitor General, or a deputy solicitor general designated by the Solicitor General' authorizing the appeal by the United States Attorney's office".

After Terrazas' brief was filed, our court, in *United States v. Thibodeaux*, ___ F.3d ___, 2000 WL 562191 (5th Cir. 8 May 2000), dismissed the Government's appeal of a sentence. Declining to develop "any bright-line rules" for demonstrating compliance with § 3742(b), our court held dismissal was appropriate because the Government failed to respond to Thibodeaux's contention that the appeal should be dismissed for failure to demonstrate compliance with § 3742(b). *Id*. at *2. On 17 May, Terrazas cited *Thibodeaux*, pursuant to FED. R. APP. P. 28(j).

Unlike Thibodeaux, Terrazas does *not* explicitly seek dismissal of the Government's appeal. Instead, he merely notes that § 3742(b) *arguably* requires the Government to furnish proof of its authorization for the appeal. As our court noted in ***Thibodeaux***, § 3742(b) "does not mention that the approval must be in writing or that approval must be filed in the record of the case on appeal". ***Id***. Moreover, on 23 May, in response to Terrazas' Rule 28(j) submission, the Government provided a copy of a February 2000 memorandum from the Office of the Solicitor General authorizing this appeal. Under these circumstances, and in the light of ***Thibodeaux***'s declining to establish a bright-line rule, ***Thibodeaux*** does *not* mandate dismissal.

The Government contends that Terrazas' 1995 Texas marijuana-possession conviction was an "aggravated felony" for purposes of the "aggravated felony" enhancement set forth in § 2L1.2(b)(1)(A); and that the district court was bound by ***United States v. Hinojosa-Lopez***, 130 F.3d 691 (5th Cir. 1997), to conclude as much. We review *de novo* a district court's legal interpretation of the Sentencing Guidelines. *E.g.,* ***United States v. Rodriguez***, 60 F.3d 193, 195 (5th Cir.), *cert. denied*, 516 U.S. 1000 (1995).

In ***Hinojosa-Lopez***, the defendant asserted that his Texas felony conviction for "aggravated unlawful possession of [more than 50 but less than 200 pounds of] marijuana" was not an "aggravated felony", as that term is used in § 2L1.2(b)(2) (1995) (the

3

predecessor of § 2L1.2(b)(1)(A) in the 1998 Guidelines, applicable here), because the same crime was only a misdemeanor under the corresponding federal statute, 21 U.S.C. § 844(a). *Hinojosa-Lopez*, 130 F.3d at 692-93, 694. Our court rejected the defendant's contention, reasoning that the state conviction was an "aggravated felony" if "(1) the offense was punishable under the Controlled Substances Act and (2) it was a felony" under applicable *state* law. *Id*. at 694. "Aggravated possession of marijuana is a felony under Texas law." *Id*. (citing TEX. HEALTH & SAFETY CODE ANN. § 481.121 (Vernon 1992); *Young v. State*, 922 S.W.2d 676, 676 (Tex. Ct. App. 1996)).

In 1993, the Texas marijuana-possession statute, § 481.121, was amended, so that possession of between 50 and 2000 pounds of marijuana became a second-degree felony. *See Hinojosa-Lopez*, 130 F.3d at 694 n.2 (citing § 481.121(b)(5) (Vernon Supp. 1997)). Although the offense is no longer considered an "aggravated" felony in Texas, this has *no* bearing on whether it should be considered an "aggravated felony" for purposes of § 2L1.2(b)(1)(A). The salient fact is that possession of more than 50 pounds of marijuana remains a "felony" under Texas law that is punishable by a sentence of two to 20 years in prison. *See id*. at 694 & n.2. We conclude that *Hinojosa-Lopez* governs the factual circumstances of the § 2L1.2(b)(1)(A) issue in Terrazas' case.

Terrazas has *not* explicitly disputed that, as a matter of

4

statutory construction, his challenge to the § 2L1.2(b)(1)(A) increase is foreclosed by **Hinojosa-Lopez**. *See* **United States v. Garcia Abrego**, 141 F.3d 142, 151 n.1 (5th Cir.) ("in the absence of any intervening Supreme Court or en banc circuit authority that conflicts" with the panel decision in question, this court is bound by the panel decision), *cert. denied*, 525 U.S. 878 (1998). He contends, however, that, under the constitutional "rule of lenity," his objection to the increase presents an issue of the first impression. This contention is erroneous.

The rule of lenity fosters the constitutional due-process principle "that no individual be forced to speculate, at peril of indictment, whether his conduct is prohibited." **Dunn v. United States**, 442 U.S. 100, 112 (1979). "The rule of lenity ... applies only when, *after* consulting traditional canons of statutory construction, [a court is] left with an ambiguous statute." **United States v. Shabani**, 513 U.S. 10, 17 (1994) (emphasis added). In other words, it applies "only if after a review of all applicable sources of legislative intent the statute remains truly ambiguous". **United States v. Cooper**, 966 F.2d 936, 944 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 506 U.S. 980 (1992); *see also* **Albernaz v. United States**, 450 U.S. 333, 342 (1981) ("The rule comes into operation at the end of the process of construing what Congress has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers." (internal

5

quotation marks and citation omitted)).  Accordingly, the rule of lenity is a rule of statutory construction, *see Bifulco v. United States*, 447 U.S. 381, 387 (1980)*; United States v. Brito*, 136 F.3d 397, 408 (5th Cir.), *cert. denied*, 523 U.S. 1128, 524 U.S. 962, 525 U.S. 867 (1998), rather than a separate constitutional framework for raising claims.

In declining to follow *Hinojosa-Lopez*, the district court neither relied on the rule of lenity nor attempted to distinguish *Hinojosa-Lopez*.  Instead, the court relied on an alternative interpretation of the term "aggravated felony" by the Board of Immigration Appeals ("BIA") in a BIA Interim Decision, in lieu of this court's interpretation of the same term in nearly identical factual circumstances.  Accordingly, we **VACATE** and **REMAND** for resentencing in accordance with *Hinojosa-Lopez*.

*VACATED and REMANDED*