United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 11, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30756
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO RODRIGUEZ-MONTES,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:02-CR-60028-1
---------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Pedro Rodriguez-Montes, federal prisoner #11418-035, seeks a

certificate of appealability ("COA") to appeal the district

court's denial of his 28 U.S.C. § 2255 motion in which he sought

to challenge his guilty-plea conviction for conspiracy to possess

with the intent to distribute marijuana. To obtain a COA, an

applicant must make a substantial showing of the denial of a

constitutional right. See 28 U.S.C. § 2253(c)(2). This requires

the applicant to demonstrate that reasonable jurists would find

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court's assessment of the constitutional claims debatable or wrong.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Rodriguez-Montes argues that counsel was ineffective at sentencing in failing to seek a two-level "safety-valve" reduction, pursuant to U.S.S.G. § 5C1.2.  The safety-valve provision is an exception to the general rule under the sentencing guidelines that, if the statutory minimum sentence is greater than the maximum guideline range, the statutory minimum sentence must be the guideline sentence.  See U.S.S.G. § 5G1.1(b).  The safety valve provides that, for convictions of certain drug offenses, the "court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence" if the defendant meets certain requirements.  See U.S.S.G. § 5C1.2(a)(1)-(5); United States v. Rodriguez, 60 F.3d 193, 194-95 (5th Cir. 1995).  The first of these criteria is not having more than one criminal history point.  See U.S.S.G. § 5C1.2(a)(1).

The record reflects that Rodriguez-Montes's 1990 guilty-plea conviction for theft of property was incorrectly assessed one criminal history point under U.S.S.G. § 4A1.1(c).  Rodriguez-Montes did not serve any period of imprisonment, and the sentence was imposed more than 10 years prior to the commencement of the instant offense.  See U.S.S.G. § 4A1.1, comment. (n.3); U.S.S.G. § 4A1.2(e)(2).  As Rodriguez-Montes had only one criminal history point and apparently otherwise qualified for the safety-valve

reduction, Rodriguez has shown that counsel was ineffective for failing to move for such a reduction. Accordingly, Rodriguez-Montes has shown that reasonable jurists would dispute the correctness of the district court's denial of his 28 U.S.C. § 2255 motion. We GRANT COA, VACATE the judgment of the district court, and REMAND the case to the district court for further proceedings.

COA GRANTED; JUDGMENT VACATED AND CASE REMANDED.