IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-51068
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RICARDO RENTERIA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-16-2

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ricardo Renteria pleaded guilty to conspiracy to distribute at least five kilograms of cocaine and was sentenced to 235 months of imprisonment and five years of supervised release.

Renteria argues on appeal that he should have received a two-level reduction in his offense level for a safety valve adjustment pursuant to U.S.S.G. §§ 2D1.1(b)(9) and 5C1.2(a) (2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because, as Renteria concedes, his argument is being raised for the first time on appeal, our review is for plain error. See United States v. Rodriguez, 15 F.3d 408, 414-15 (5th Cir. 1994).

Renteria contends that false statements that he made to a probation officer during his presentence interview concerning a November 2006 incident did not violate § 5C1.2(a)(5) because they did not constitute statements to the "Government." Although a probation officer, for purposes of § 5C1.2, is not the Government, Renteria has not shown that he met his burden of providing the Government with all of the information and evidence that he had concerning the incident, and thus he has not shown that the district court plainly erred concerning this issue. See United States v. Flanagan, 80 F.3d 143, 146-47 (5th Cir. 1996); United States v. Rodriguez, 60 F.3d 193, 196 (5th Cir. 1995).

Renteria also argues that the district court's denial of acceptance of responsibility alone should not have prevented him from receiving the safety valve reduction. He further contends that he met the requirements of § 5C1.2(a) and that his failure to provide the Government with information concerning the November 2006 offense should not prevent him from receiving the safety valve reduction under § 5C1.2(a)(5) because it was not part of a common scheme or plan with the instant offense. However, nothing in the record indicates that the district court denied Renteria a safety valve adjustment solely on the basis that he was denied acceptance of responsibility, and the district court's factual determinations concerning Renteria's eligibility for a safety valve adjustment cannot constitute plain error. See United States v. Lopez, 923 F.2d 47, 50 (5th Cir. 1991).

AFFIRMED.