**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 24, 2012

No. 11-50019
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EYITAYO ARAROMI, also known as Tay,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-3143-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Eyitayo Araromi appeals his guilty plea conviction and sentence for conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846. He contends that his guilty plea was not knowing and voluntary because the district court failed to comply with the requirements set forth in Rule 11(b)(1) of the Federal Rules of Criminal Procedure. Specifically, Araromi argues that the district court incorrectly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

advised him of the statutory maximum terms of imprisonment and supervised release and failed to advise him that (1) the Government could use any false statements against him in a prosecution for perjury; (2) he had the right to be represented by counsel, appointed by the court if necessary, at trial and at every other stage of the proceedings; (3) he had the right at trial to testify, present evidence, and compel the attendance of witnesses; (4) a violation of his supervised release conditions could subject him to imprisonment for the entire term of supervised release without credit for any time already served on supervised release; and (5) he retained the right to appeal his underlying conviction but was waiving his right to collaterally attack his sentence.

Because Araromi did not object to these Rule 11 errors in the district court, we review for plain error and "may consult the whole record when considering the effect of any error on substantial rights." *United States v. Vonn*, 535 U.S. 55, 59 (2002). To show plain error, Araromi must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736(1993)). "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Although the district court failed to comply fully with Rule 11(b)(1), Araromi makes no attempt to establish a reasonable probability that, but for the district court's errors, he would not have pleaded guilty. *See id.* Further, there is no evidence in the record suggesting that Araromi would not have pleaded guilty but for the district court's errors. *See Vonn*, 535 U.S. at 59. Therefore, his substantial rights were not affected, and he cannot show plain error. *See id.*

Araromi also contends that the factual basis was insufficient to support his guilty plea. He does not dispute the existence of an agreement between two or more persons to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, that he knew of this agreement, or that he voluntarily participated in the conspiracy. *See United States v. Patino-Prado*, 533 F.3d 304, 309 (5th Cir. 2008). Instead, he contends that the factual basis was unclear as to the actual weight of the drugs involved in the conspiracy. *See United States v. DeLeon*, 247 F.3d 593, 596 (5th Cir. 2001) (holding that when the indictment charges that a certain minimum quantity of drugs is involved in the offense, proof of that quantity is a fourth element of the offense). Because Araromi did not challenge the sufficiency of the factual basis in the district court, we review for plain error. *See United States v. Castro-Trevino*, 464 F.3d 536, 540-41 (5th Cir. 2006).

The factual basis provided ample evidence that the conspiracy involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine. The factual basis provided that in 2008, state and federal agents began a narcotics trafficking investigation of the Bloods gang in El Paso, Texas. As part of their investigation, agents seized approximately 400 grams of powder and crack cocaine from various gang members and associates. In addition, co-defendant Kippur David admitted supplying at least 2,520 grams of powder cocaine to Araromi and other gang leaders. The factual basis was therefore sufficient to support the district court's acceptance of Araromi's guilty plea, and he cannot show plain error. *See id.* at 541.

Araromi also contends that the plea agreement was void for lack of consideration because the Government surrendered no rights in exchange for his wholesale capitulation. Because he did not challenge the validity of the plea agreement in the district court or attempt to withdraw his plea on grounds that the plea agreement lacked consideration, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

3

No. 11-50019

Plea bargains are contractual in nature and, as such, courts are guided by general principles of contract law in interpreting plea agreements. *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006). However, this court has never expressly held that consideration is required to support a valid plea bargain. *United States v. Smallwood*, 920 F.2d 1231, 1239-40 (5th Cir. 1991); *Smith v. Estelle*, 562 F.2d 1006, 1008 (5th Cir. 1977). Accordingly, even if Araromi's plea agreement lacked a bargained for quid pro quo, he cannot establish, based on existing law, that the district court plainly erred in accepting his plea agreement. *See United States v. Maturin*, 488 F.3d 657, 663 (5th Cir. 2007).

Moreover, Araromi has not shown that his plea agreement lacked consideration. In exchange for his guilty plea and appeal waiver, the Government agreed not to oppose a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and, if applicable, to move for an additional one-level reduction pursuant to § 3E1.1(b). In *United States v. Newson*, 515 F.3d 374, 377-78 (5th Cir. 2008), we held that, based on the plain language of § 3E1.1(b), the Guidelines do not permit the additional one-level reduction absent a motion from the Government. Araromi does not dispute that he received the full three-level reduction under § 3E1.1. Because the plea agreement bound the Government to do something it was not otherwise required to do, Araromi has not shown that the plea agreement lacked consideration, and he cannot show plain error. *See Puckett*, 556 U.S. at 135.

Finally, Araromi contends that (1) the district court erred when it increased his offense level by two levels based on his alleged possession of a dangerous weapon; (2) the district court erred when it denied his request for a downward variance based on the disparity between powder and crack cocaine; (3) the district court erred in calculating the quantity of drugs attributable to him at sentencing; (4) his sentence was greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a); and (5) his sentence was unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because

4

the district court treated his prior convictions as sentencing factors rather than elements of the offense.

The record reflects that Araromi knowingly and voluntarily waived his right to appeal his sentence on any ground, and the Government seeks to enforce the waiver. Therefore, Araromi's sentencing arguments are barred by the appellate-waiver provision in his plea agreement and will not be considered. *See United States v. Oliver*, 630 F.3d 397, 411-12 (5th Cir.), *cert. denied*, 132 S. Ct. 758 (2011); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).

Accordingly, the district court's judgment is AFFIRMED.