# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-40197
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 17, 2016

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KRISTOPHER MICHAEL MONTEMAYOR,

Defendant-Appellant

————————————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-252-1

————————————

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Kristopher Michael Montemayor, a former elected member of the Webb County Commissioners Court, pleaded guilty under a plea agreement to Count 2 of his indictment, which charged him with federal programs bribery under 18 U.S.C. § 666(a)(1)(B).  As part of the plea agreement, Montemayor agreed to waive his right to appeal his conviction and sentence, except to the extent that the district court sentenced him to an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment term that exceeds the statutory maximum or to an upward departure or upward variance from the applicable guidelines range.

The district court sentenced Montemayor within his advisory guidelines range to 76 months of imprisonment, three years of supervised release, and a fine of $109,405.72.  The district court also ordered a $100 special assessment and a forfeiture of $13,721.16.

Montemayor appeals his conviction and sentence, raising six arguments: (1) his waiver of appeal is invalid because the government provided no consideration in exchange for the plea agreement; (2) there was no jurisdiction to prosecute him under § 666 because his position as a county commissioner in Texas did not qualify him as an "agent" for purposes of § 666; (3) the district court erred in sentencing him by considering as relevant conduct information obtained from him in the course of his agreeing with federal agents to perform undercover work; (4) that court miscalculated the value of a truck involved in a bribery scheme; (5) that court erred regarding his sentence by considering as relevant conduct payments he received or solicited before taking office; and (6) that court erred regarding the fine imposed by failing to consider all the factors under U.S.S.G. § 5E1.2(d)(1)-(7) for determining the amount of the fine and by improperly delegating to the probation officer the court's responsibility to instruct how the fine was to be collected.  The government invokes Montemayor's waiver of appeal.

Montemayor did not challenge the validity of the plea agreement in the district court or attempt to withdraw his guilty plea on the ground that the plea agreement lacked consideration.  He cannot establish here that the district court plainly erred in accepting the plea agreement, as we have never expressly held that consideration is required to support a valid plea agreement. *See United States v. Cothran*, 302 F.3d 279, 283 (5th Cir. 2002) (applying plain

error review); *United States v. Smallwood*, 920 F.2d 1231, 1239-40 (5th Cir. 1991); *see also United States v. Araromi*, 477 F. App'x 157, 159 (5th Cir. 2012).

Moreover, Montemayor has not shown that the plea agreement lacked consideration, as the government agreed in the plea agreement to, among other things, dismiss Count 1 of Montemayor's indictment and refrain from further prosecuting him based on the information then known by the government. The plea agreement bound the government to do something it was not otherwise required to do, so Montemayor has not shown that the plea agreement lacked consideration. *See Smith v. Estelle*, 562 F.2d 1006, 1008 (5th Cir. 1977).

Montemayor's second contention, that there was no jurisdiction to prosecute him under § 666 because he did not meet the definition of an "agent" for purposes of § 666, is also unavailing. The question whether Montemayor was an "agent" under § 666 does not relate to the district court's subject matter jurisdiction. *See United States v. Isgar*, 739 F.3d 829, 838 (5th Cir. 2014). Instead, the assertion that the facts did not satisfy the "agent" element of § 666 goes only to the merits of the case. *See United States v. Cotton*, 535 U.S. 625, 630-31 (2002); *United States v. Scruggs*, 714 F.3d 258, 263 (5th Cir. 2013). Montemayor did not claim in the district court that he was not an "agent" for purposes of § 666, so that issue is subject to plain error review. *See United States v. Baymon*, 312 F.3d 725, 728 (5th Cir. 2002).

Montemayor's guilty plea and appeal waiver do not bar review of a claim that the factual basis for his plea failed to establish the essential elements of the offense. *See United States v. Garcia-Paulin*, 627 F.3d 127, 131 n.2 (5th Cir. 2010); *Baymon*, 312 F.3d at 727-28. Nevertheless, his claim that he is not an "agent" is unavailing. Section § 666 applies to agents of local governments, including Texas county governments. *See* § 666(a)(1), (d)(3); *United States v. Marmolejo*, 89 F.3d 1185, 1191, 1194 n.11 (5th Cir. 1996). Montemayor

concedes that county commissioners are involved in the administration of the county's federal funds, which distinguishes his case from *United States v. Phillips*, 219 F.3d 404, 411-13 (5th Cir. 2000).  He has not shown error on this issue, plain or otherwise.  *See United States v. Lipscomb*, 299 F.3d 303, 315-16 (5th Cir. 2002).

Montemayor's remaining assertions challenge the propriety of his sentence, and he has not adequately briefed any basis for claiming that those challenges are excepted from his appeal waiver.  *See United States v. Edwards*, 303 F.3d 606, 647 (5th Cir. 2002) (recognizing that issues that are not adequately briefed are waived).  His sentence was within his guidelines range and below the statutory maximum, so his challenges to his sentence are barred by his appeal waiver.  *See United States v. Branam*, 231 F.3d 931, 933 (5th Cir. 2000).

Finally, Montemayor's assertion that district court improperly delegated its duty to designate how the fine was to be collected would fail even if it were not barred by his appeal waiver.  No such delegation occurred:  The district court determined the fine amount and ordered immediate payment, which is when payment is ordinarily required under 18 U.S.C. § 3572(d)(1).  *See United States v. Arledge*, 553 F.3d 881, 901 (5th Cir. 2008); *see also Jones v. Fox*, 453 F. App'x 471, 471 (5th Cir. 2011).

The judgment of the district court is AFFIRMED.