# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51181

United States Court of Appeals
Fifth Circuit

**FILED**
February 8, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

   Plaintiff - Appellee

v.

GABRIEL HERIBERTO CRUZ-ROMERO, also known as Gabriel H. Cruz-Romero,

   Defendant - Appellant

_____

Appeals from the United States District Court
for the Western District of Texas

_____

Before SMITH, CLEMENT, and SOUTHWICK, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

  Gabriel Heriberto Cruz-Romero appeals his sentence for possession with intent to distribute 100 kilograms or more of marijuana. He argues that the government breached the plea agreement by opposing a safety valve adjustment to his sentence. For the reasons set forth below, we dismiss Cruz-Romero's appeal as barred by the appeal waiver in the plea agreement.

## I

  Cruz-Romero, a citizen of Mexico, was pulled over near the U.S.-Mexico border. When police approached his vehicle, they observed a bundle of sugar

No. 15-51181

sacks, commonly used to smuggle illegal narcotics. Police ultimately discovered fifteen bundles of marijuana in the vehicle weighing 146.8 kilograms.

Cruz-Romero and his passenger were arrested and read their *Miranda* rights. Cruz-Romero declined to make a statement, but the passenger admitted he had been hired to transport marijuana into the United States.

Cruz-Romero was indicted for (1) conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, and (2) possession with intent to distribute 100 kilograms or more of marijuana. He pleaded guilty to the second count, and the district court dismissed the first count. In his plea agreement with the government, Cruz-Romero waived his right to appeal his conviction or sentence on any ground other than ineffective assistance of counsel or prosecutorial misconduct. Also in the plea agreement, the government agreed not to oppose Cruz-Romero's eligibility for a safety valve adjustment at sentencing if he complied with the relevant criteria. These include that, no later than sentencing, a defendant provide all information and evidence he has regarding the offense to the government.

Prior to sentencing, the government scheduled a debriefing meeting with Cruz-Romero but he canceled on the day it was set to take place. Cruz-Romero never made any post-arrest statement or otherwise volunteered information to the government.

The statutory minimum sentence for Cruz-Romero's conviction was 60 months. Without the statutory minimum, the Guidelines range would have been 37 to 46 months. The Presentence Report did not include a safety valve adjustment, which would have required the district court to sentence Cruz-Romero without regard to any statutory minimum. Cruz-Romero objected, arguing that the government breached the plea agreement by requiring more information than what he had stipulated to in the plea agreement in order to qualify for the adjustment. The government responded that Cruz-Romero did

2

No. 15-51181

not qualify because he (1) did not provide a post-arrest statement, (2) canceled his debrief with the government, and (3) did not provide even the most basic information about his offense to the government, such as who hired him or where he was taking the marijuana. The probation officer referred the objection to the district court for ruling.

Cruz-Romero reiterated his objection at sentencing. He again argued that his stipulation to facts in the plea agreement satisfied his safety valve obligation. The district court disagreed, stating that Cruz-Romero had not provided any information to the government and chose not to debrief. After overruling Cruz-Romero's objection, the district court sentenced him to the statutory minimum of 60 months.

Cruz-Romero appeals his sentence. Although he knowingly and voluntarily waived his right to appeal his sentence in the plea agreement, he contends that the appeal waiver is unenforceable because the government breached its express promise not to oppose his eligibility for a safety valve adjustment. He further argues that the district court erred in denying him the adjustment.

II

We review de novo whether an appeal waiver bars an appeal. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). In doing so, we also review de novo whether the government breached a plea agreement. *United States v. Munoz*, 408 F.3d 222, 226 (5th Cir. 2005). In examining the government's compliance with its promises in the plea agreement, we ask "whether the Government's conduct was consistent with the parties' reasonable understanding of the agreement." *United States v. Harper*, 643 F.3d 135, 139 (5th Cir. 2011). The defendant has the burden of proving the facts constituting a breach of the agreement by a preponderance of the evidence. *Id.*

3

No. 15-51181

III

The threshold issue is whether the government breached the plea agreement by opposing a safety valve adjustment. If not, then the appeal waiver must be enforced.

The purpose of a safety valve adjustment is "to allow less culpable defendants who fully assisted the Government to avoid the application of the statutory mandatory minimum sentences." *United States v. Rodriguez*, 60 F.3d 193, 196 (5th Cir. 1995). There are five criteria. *See* U.S.S.G. § 5C1.2(a)(1)-(5); *see also* 18 U.S.C. § 3553(f)(1)-(5). If they are satisfied, the district court must impose a sentence without regard to a statutory minimum. U.S.S.G. § 5C1.2(a).

Here, the government promised not to oppose Cruz-Romero's eligibility for a safety valve adjustment if he satisfied the relevant criteria prior to sentencing. The parties dispute only whether Cruz-Romero met the fifth criterion. It requires that a defendant, "not later than the time of the sentencing hearing . . . truthfully provide[] to the Government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C2.1(a)(5).

The defendant has the burden of ensuring complete disclosure of information and evidence to the government under Section 5C1.2(a)(5). *See United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996). Cruz-Romero argues that his stipulation to the factual basis in the plea agreement satisfied this burden. But "[t]he plain language of the statutes and guidelines requires that [the defendant] truthfully provide *all* information and evidence regarding the offense to be eligible for the [safety valve] reduction." *United States v. Moreno-Gonzalez*, 662 F.3d 369, 375 (5th Cir. 2011) (emphasis added); *see also Rodriguez*, 60 F.3d at 196 (explaining that benefit of safety valve adjustment applies only to those who "fully assisted the Government"). Cruz-Romero did not dispute, or offer any evidence to contradict, the government's claim that he

4

No. 15-51181

had failed to provide all relevant information known to him. Stipulating to some basic facts in the plea agreement obtained wholly from a co-defendant, without more, did not obviate Cruz-Romero's burden of assisting the government. *Cf. Rodriguez*, 60 F.3d at 196 ("A defendant's statements to a probation officer do not assist the Government."). Cruz-Romero had ample opportunity to offer assistance to the government, including a scheduled debrief, but he declined to do so. He fails to show that the government's conduct in opposing his eligibility for a safety valve adjustment, based on his failure to comply with Section 5C1.2(a)(5), was inconsistent with a reasonable understanding of the plea agreement.

Cruz-Romero also argues that the plea agreement barred the government from challenging his eligibility for a safety valve adjustment because it reserves the government's right to contest his eligibility only for a substantial assistance adjustment. The safety valve and substantial assistance provisions are contained in separate paragraphs of the plea agreement, and the limitation provision in question appears only in the latter. It has no bearing on the safety valve provision, the text of which explicitly reserves the government's right to oppose an adjustment thereunder if Cruz-Romero does not satisfy Section 5C1.2(a).

Lastly, Cruz-Romero argues that the appeal waiver is unenforceable because the plea agreement does not explicitly reserve the government's right to oppose the application of Section 5C1.2 or define what constitutes "cooperation" on his part, rendering it fatally ambiguous. This argument is conclusory, and we deem it abandoned. *See United States v. Charles*, 469 F.3d 402, 407-08 (5th Cir. 2006).

Because Cruz-Romero fails to show that the Government breached the plea agreement, his appeal is barred by the appeal waiver.

5

No. 15-51181

IV

The appeal is DISMISSED.