# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41300
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CESAR RODRIGUEZ-DIAZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-178-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Cesar Rodriguez-Diaz appeals his guilty-plea conviction and sentence for possessing with the intent to distribute more than 100 kilograms of marijuana. He contends he pleaded guilty pursuant to a plea agreement that was breached by the Government. He asks this court to either enforce the alleged plea agreement or vacate his conviction and sentence on the grounds that his plea agreement was void for lack of consideration and frustration of purpose.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41300

"When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). If the Government breaches the plea agreement, a defendant may seek withdrawal of his guilty plea or specific performance of the plea agreement. *Puckett v. United States*, 556 U.S. 129, 137 (2009). However, Rodriguez-Diaz, as the party alleging a breach of the plea agreement, has the burden of proving the underlying facts establishing a breach by a preponderance of the evidence. *United States v. Cruz-Romero*, 848 F.3d 399, 401 (5th Cir.), *cert. denied*, 137 S. Ct. 1606, (2017).

Because Rodriguez-Diaz failed to preserve his challenges to the alleged plea agreement for appellate review by raising his arguments in the district court, we will review his claims only for plain error. *See Puckett*, 556 U.S. at 135-36. To prevail on plain-error review, Rodriguez-Diaz must show that an error occurred, that the error was clear or obvious, and that the error affected his substantial rights. *Id.* at 135. If those factors are established, the decision to correct the error is within the court's discretion, which will not be exercised unless "the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Although Rodriguez-Diaz points to some inconsistent statements made by the probation officer and the parties in his case, he has not met his burden of proving the existence of a plea agreement. *See Cruz-Romero*, 848 F.3d at 401; *United States v. Ammirato*, 670 F.2d 552, 554-55 (5th Cir. 1982). The record as a whole, including Rodriguez-Diaz's own statement under oath, indicates that Rodriguez-Diaz pleaded guilty without a plea agreement. Absent a showing that a plea agreement existed, Rodriguez-Diaz's remaining arguments, all of which pertain to the Government's compliance with, or the

No. 16-41300

validity of, the alleged plea agreement, lack merit.  However, Rodriguez-Diaz's arguments would fail even if, for purposes of argument, we accepted Rodriguez-Diaz's allegations as true and assumed that the alleged plea agreement did exist.

Rodriguez-Diaz's assertion that the alleged plea agreement shielded him from being subject to the statutorily required minimum sentence in his case is speculative and unsupported by the record.  Accordingly, he has not shown that the Government breached the alleged agreement by failing to ensure that he was sentenced at the low end of his otherwise applicable sentencing guidelines range.

Because Rodriguez-Diaz has not shown that avoiding application of the statutory minimum sentence was a basic assumption underlying the plea agreement, he has not shown that his alleged plea agreement is void due to the doctrine of frustration of purpose.  *See United States v. Moulder*, 141 F.3d 568, 571 (5th Cir. 1998).

Finally, Rodriguez-Dias cannot show clear or obvious error with regard to his claim that his alleged plea agreement is void because he received no benefit in exchange for his guilty plea.  This court has never held that consideration is required to support a valid plea agreement.  *See United States v. Smallwood,* 920 F.2d 1231, 1239 (5th Cir. 1991); *Smith v. Estelle*, 562 F.2d 1006, 1008 (5th Cir. 1977); *see also United States v. Montemayor*, 668 F. App'x 96, 97 (5th Cir. 2016).

The judgment of the district court is AFFIRMED.