# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10408

United States Court of Appeals
Fifth Circuit

**FILED**
April 4, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

GAGAN SETHI,

      Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-243-8

Before KING, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

    Gagan Sethi appeals his 48-month sentence resulting from a guilty plea for conspiracy to distribute a controlled substance analogue under 21 U.S.C. § 846. Sethi advances four arguments: (1) the district court lacked jurisdiction; (2) there was a "structural error" at his rearraignment, warranting reversal even if the error did not affect Sethi's plea decision; (3) the magistrate judge plainly erred by failing to ensure that Sethi understood the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 17-10408

*mens rea* element of his charge and that the facts sufficiently showed such *mens rea*; and (4) the judgment erroneously states that Sethi was convicted of conspiracy to distribute both "a controlled substance" and "a controlled substance analogue."

Because we conclude that the district court had jurisdiction and that Sethi failed to show that any error was structural or plain, we AFFIRM. But we also REFORM the judgment to reflect that Sethi was convicted only of conspiracy to distribute a controlled substance analogue.

### I. Background

Sethi waived prosecution by indictment and was charged in a one-count superseding information with conspiring to knowingly distribute a Schedule I controlled substance.[1] The information also charged Sethi with conspiring to distribute a Schedule I controlled substance analogue, namely, FUB-AMB and 5-FLUORO-AMB, as defined in 21 U.S.C. § 802(32), while knowing that the substance was intended for human consumption, as set forth in 21 U.S.C. § 813.

Sethi entered a guilty plea before a magistrate judge. His factual resume contained various handwritten edits that limited Sethi's offense conduct to conspiring to distribute FUB-AMB. At rearraignment, Sethi confirmed that he reviewed the charge brought against him, understood the charge, and waived reading of the superseding information. Further, after the Government read four elements of his offense into the record, Sethi confirmed that he understood and admitted to committing them. Finally, Sethi confirmed that he had read his factual resume, understood it, agreed that the facts in the resume were true and correct, and waived reading of the resume.

---

[1] The controlled substances were AB-CHMINACA, AB-FUBINACA, AB-PINACA, and XLR-11, which are Schedule I substances pursuant to 21 U.S.C. § 812 and 21 C.F.R. § 1308.11.

No. 17-10408

After the magistrate judge recommended that the district court accept the plea, the district court accepted it.  At sentencing, the district court ordered a below-Guidelines prison term of 48 months and two years of supervised release.  Sethi filed a timely notice of appeal.

## II.  Jurisdiction

Sethi argues the district court lacked jurisdiction because he was charged with conduct that does not constitute a federal crime.  Specifically, the factual resume supporting Sethi's guilty plea identifies his offense as conspiring to distribute FUB-AMB, which Sethi argues is not a Schedule I controlled substance or controlled substance analogue.  In turn, Sethi argues the factual resume "constructively amended" the superseding information so that it charged him only with conspiring to distribute something that is not a controlled substance or controlled substance analogue.

A party never forfeits or waives the right to raise the district court's lack of subject matter jurisdiction, an issue we review *de novo*.  *See United States v. Cotton*, 535 U.S. 625, 630 (2002); *United States v. Isgar*, 739 F.3d 829, 838 (5th Cir. 2014).  We conclude that the district court had jurisdiction because the superseding information charged Sethi with violating § 846 and defects in the charging instrument, "such as insufficient factual allegations, do not deprive the court of jurisdiction."  *Isgar*, 739 F.3d at 838; *see also* 18 U.S.C. § 3231 (providing district courts with jurisdiction over all federal offenses).  Moreover, assertions that the facts do not satisfy an element of the offense go only to the merits of a case.  *See Isgar*, 739 F.3d at 838; *United States v. Montemayor*, 668 F. App'x 96, 97–98 (5th Cir. 2016) (per curiam).

Sethi's argument that his factual resume "constructively amended" the superseding information is also misplaced.  "A constructive amendment occurs when the government changes its theory . . . to convict on a basis broader than that charged in the indictment, or when the government is allowed to prove an

3

No. 17-10408

essential element of the crime on an alternative basis permitted by the statute but not charged in the indictment." *United States v. Robles-Vertiz*, 155 F.3d 725, 728 (5th Cir. 1998) (internal quotation marks and citation omitted). There was no constructive amendment in Sethi's case, as the district court accepted Sethi's plea based on the same theory and conduct that the superseding information charged. *See id.* at 728.

## III.  Standard of Review

Sethi concedes, and the record confirms, that his appeal is subject to plain error review because he did not raise these issues in the district court. *See Johnson v. United States*, 520 U.S. 461, 466–67 (1997); *United States v. Alvarado-Casas*, 715 F.3d 945, 951–53 (5th Cir. 2013).  To establish plain error, a defendant "must show (1) an error (2) that was clear or obvious (3) that affected his substantial rights." *See United States v. Avalos-Martinez*, 700 F.3d 148, 153 (5th Cir. 2012) (per curiam) (citation omitted).

An error is "clear or obvious" if controlling circuit or Supreme Court precedent has decided the issue, but not if it remains "subject to reasonable dispute." *United States v. Scott*, 821 F.3d 562, 570–71 (5th Cir. 2016) (internal quotation marks and citation omitted).  To show that an error "affected his substantial rights," the appellant must show "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).  Alternatively, certain errors may affect "substantial rights" if they are "structural" errors that "undermine the fairness of a criminal proceeding as a whole." *United States v. Davila*, 569 U.S. 597, 611 (2013); *see United States v. Marcus*, 560 U.S. 258, 263 (2010).  If plain error is established, "we have the discretion to correct the error if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'"

4

No. 17-10408

*Avalos-Martinez*, 700 F.3d at 153 (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

## IV. Discussion

Sethi argues the magistrate judge made a structural error at his rearraignment by failing to have the Government read out loud the superseding indictment and factual resume in open court. Based on this failure, Sethi argues the magistrate judge could not have satisfied himself that there was a sufficient factual basis for his plea, as required by Federal Rule of Criminal Procedure 11(b)(3). Sethi further argues that the failure to satisfy Rule 11(b)(3) is a structural error that denied him due process and thus warrants reversal regardless of whether it affected his plea decision. We conclude, however, that there was no Rule 11(b)(3) error.

A district court may not enter a judgment of conviction based on a guilty plea unless it determines that there is a factual basis for the plea. FED. R. CRIM. P. 11(b)(3). In doing so, the district court "compare[s] the conduct admitted by the defendant with the elements of the offense charged," and must verify that the factual conduct admitted to is sufficient as a matter of law to establish a violation under the relevant statute. *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). A court may determine that there is a sufficient factual basis by examining the relevant materials in the record, and we assume the court fulfilled its obligation to do so where the record reveals "specific factual allegations supporting each element of the offense." *See United States v. Adams*, 961 F.2d 505, 508 (5th Cir. 1992).

Sethi argues there was not a sufficient factual basis to support the *mens rea* element of his charged offense. In drug prosecutions involving a controlled substance analogue, the Government must prove that a defendant knew (1) that he was dealing with some controlled substance listed on the federal drug schedules or treated as such under § 802(32), or (2) the specific analogue he

was dealing with, even if he did not know its legal status as an analogue. *McFadden v. United States*, 135 S. Ct. 2298, 2302, 2305 (2015). If the defendant knew the substance was substantially similar to a controlled substance in its chemical structure and produced a substantially similar high or other effect, he had the requisite knowledge. *See id.* at 2305*; see also United States v. Bays*, 680 F. App'x 303, 307 (5th Cir.) (per curiam), *cert. denied*, 137 S. Ct. 2176 (2017); *United States v. Stanford*, 823 F.3d 814, 835 (5th Cir.), *cert. denied*, 137 S. Ct. 453 (2016).

The record contains a sufficient factual basis to support the *mens rea* element of Sethi's charged offense. The superseding information charged Sethi with "conspir[ing] . . . to knowingly and intentionally distribute . . . a Schedule I controlled substance analogue, as defined in 21 U.S.C. § 802(32)."[2] In the factual resume, Sethi stipulated that he "reached an agreement with another person to distribute . . . a Schedule I controlled substance analogue," and did so "willfully with the intent to further its unlawful purpose." Additionally, at Sethi's rearraignment, the Government read the essential elements of the offense, including that a defendant agree to "knowingly distribute . . . a Schedule I controlled substance analogue," with knowledge of the unlawful purpose of the agreement and intent to further that purpose. Sethi stated that he understood and admitted to committing those elements, as well as the facts in his factual resume.

The record thus provides a sufficient factual basis to support the *mens rea* element of Sethi's charged offense.[3] There was, consequently, no "clear or

---

[2] Under 21 U.S.C. § 802(32), a "controlled substance analogue," means, *inter alia*, a substance substantially similar to a controlled substance in its chemical structure and which produces a substantially similar high or other effect.

[3] In *McFadden*, the Court concluded that the challenged jury instructions "did not fully convey" the required *mens rea* where they stated that the defendant had to "'knowingly and intentionally distribut[e] a mixture or substance that has an actual, intended, or claimed

No. 17-10408

obvious error" under Rule 11(b)(3) and therefore no structural error. *See Adams*, 961 F.2d at 508.

Likewise, the magistrate judge did not plainly err in informing Sethi of the *mens rea* element of the charged offense. Rule 11 requires that the district court "inform the defendant of, and determine that the defendant understands . . . the nature of each charge to which the defendant is pleading." FED. R. CRIM. P. 11(b)(1)(G). Generally, this requirement is met if the defendant is made aware of the elements of the offense charged. *See United States v. Lujano-Perez*, 274 F.3d 219, 224 (5th Cir. 2001).

The word "knowingly" was in the statement of elements read at Sethi's rearraignment and in the superseding information. Sethi confirmed that he understood both. Sethi also confirmed that he discussed the charge with his counsel. Together, these factors sufficiently show that Sethi was made aware that an element of his charged offense was knowledge that the relevant substance was a Schedule I controlled substance analogue. *See id.* at 224 (discussing evidence that is sufficient to show that the defendant understands the nature of the charge).

Nor did the magistrate judge commit plain error by allowing Sethi to waive the reading of his superseding indictment and factual resume in open court. A district court's failure to have the indictment and factual basis read into the record does not, by itself, constitute reversible plain error. *United States v. Lee*, 694 F. App'x 318, 318–19 (5th Cir.) (per curiam), *cert. denied*, 138

---

stimulant, depressant, or hallucinogenic effect on the central nervous system' substantially similar to that of a controlled substance." 135 S. Ct. at 2307. In Sethi's case, the factual allegations supporting his plea point to a much narrower *mens rea*: "knowingly and intentionally distribu[ting] . . . a Schedule I controlled substance analogue." *As* the *McFadden* Court observed, "knowingly" applies not just to the verb "distributing" but also to the object of the verb, "a Schedule I controlled substance analogue." *Id.* at 2304.

S. Ct. 404 (2017). Any error is "at best, harmless error," where the record shows that the defendant reviewed the charging document and the factual resume and agreed with the facts therein. *Id*; *see also United States v. Grote*, 632 F.2d 387, 389 (5th Cir. 1980) (rejecting a challenge to the trial court's failure at arraignment to read the charging document and state the substance of the charge where counsel advised appellant of charge).

The record here shows that Sethi reviewed and understood the charge in his superseding indictment, and reviewed and agreed that the facts in his factual resume were true and correct. Further, Sethi's counsel stated that he advised Sethi regarding his plea, and Sethi confirmed that he was fully satisfied with his counsel's advice. Any error, therefore, does not rise to the level of plain error.

Sethi lastly argues that the judgment should be reformed to show that he was convicted only of conspiracy to distribute a controlled substance analogue, and not also of conspiracy to distribute a controlled substance. The Government does not oppose his request.

We have the discretion under 28 U.S.C. § 2106 "either to reform the judgment or to remand for the district court to do so." *United States v. Hermoso*, 484 F. App'x 970, 973 (5th Cir. 2012) (per curiam); *see also United States v. Fuentes*, 506 F. App'x 330, 332 (5th Cir. 2013) (per curiam) (affirming judgment and reforming it to reflect the correct offense of conviction). Because the factual resume was edited to remove references to controlled substances, Sethi is entitled to a reformation of the judgment to reflect the correct offense of conviction. We therefore AFFIRM the district court's judgment, but REFORM it to reflect that Sethi was convicted of conspiracy to distribute a controlled substance analogue.

AFFIRMED.