# United States Court of Appeals for the Fifth Circuit

———————

No. 23-10161
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
December 13, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

REYNALDO AVILA-GONZALEZ,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-254-1

_____

Before BARKSDALE, ENGELHARDT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Reynaldo Avila-Gonzalez pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841. At sentencing, the district court found Avila was ineligible for a two-level safety-valve reduction under Sentencing Guideline § 2D1.1(b)(18) (requiring defendant to meet five criteria) because he did not

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

provide the Government with a complete account of his offense and relevant conduct as required by Guideline § 5C1.2(a)(5) (outlining fifth criterion).

Avila contends: the court clearly erred in finding he had not satisfied the safety-valve criteria based exclusively on the presentence investigation report. He maintains it repeated the prosecutor's conclusory assertion that Avila had not truthfully provided all the information he had about the offense. Avila contends the record does not support the repeated assertion.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, as in this instance, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Regarding the sole presented issue—the claimed procedural error for denial of the safety-valve reduction—the denial is reviewed for clear error. *United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006). The record supports the denial because Avila failed to meet his burden of establishing he provided a truthful and complete account of his offense before sentencing, and he likewise did not do so at sentencing. *See United States v. Flanagan*, 80 F.3d 143, 146–47 (5th Cir. 1996) (noting defendant's burden to ensure "he has provided all the information and evidence regarding the offense to the Government").

The case agent testified at sentencing that: Avila's account of the events was incomplete; his answers to questions were evasive; and he failed

to provide specific locations or names known to him. In particular, Avila did not state with certainty the name of his cousin who purportedly introduced him to his source of supply. In the Agent's experience, this information was almost always known to defendants. The Agent's testimony was specific, not based on pure speculation, and sufficient to support the district court's finding. *See United States v. Lima-Rivero*, 971 F.3d 518, 522 (5th Cir. 2020) (requiring "more than 'speculation' or 'mere conjecture'"); *United States v. McCrimmon*, 443 F.3d 454, 457–58 (5th Cir. 2006) (concluding district court did not clearly err in finding defendant had been "less than truthful" where Government's narcotic agent testified at resentencing defendant was evasive at interview and offered inconsistent information).

Further, Avila does not affirmatively assert he provided a complete and truthful account of all information known to him regarding the offense, and he did not: offer any evidence to counter the Government's not recommending safety-valve credit; or call any witnesses at sentencing. *See United States v. Cruz-Romero*, 848 F.3d 399, 402 (5th Cir. 2017) ("[Defendant] did not dispute, or offer any evidence to contradict, the government's claim that he had failed to provide all relevant information known to him".).

AFFIRMED.