# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-20384
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BAUDELAIRE IDRISS TCHOUALA,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-169-1

———————————————————————

Before BARKSDALE, HAYNES, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Baudelaire Idriss Tchouala pleaded guilty to conspiring to launder monetary instruments, in violation of 18 U.S.C. § 1956(h). (He is now on supervised release.) As part of his plea agreement, Tchouala waived his right to appeal his sentence. (And, in his opening brief, he admits that, "as part of [his Plea] Agreement, [he] agreed to a standard waiver of appeal. . . .")

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-20384

Notwithstanding this acknowledged appeal waiver, Tchouala challenges his sentence on appeal. The Government seeks the enforcement of the appeal waiver and requests that the appeal be dismissed. Tchouala has not responded to that contention.

Because Tchouala does not assert that the appeal waiver is ineffective, uninformed, involuntary, or otherwise unenforceable, he has abandoned any such contention. *See United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992) ("Failure to prosecute an issue on appeal constitutes waiver of the issue."). Accordingly, we enforce the waiver and dismiss the appeal. *See United States v. Cruz-Romero*, 848 F.3d 399, 402 (5th Cir. 2017).

The briefing by Tchouala's appointed counsel on appeal, Josh Norrell, shows he has not fulfilled "[h]is role as advocate [which] requires that he support his client's appeal to the best of his ability". *Anders v. California*, 386 U.S. 738, 744 (1967); Fed. R. App. P. 28(a)(8)(A). After acknowledging the appeal waiver, the opening brief did not address the effect of the waiver, and counsel failed to file a reply brief to respond to the Government's invocation of the waiver. The opening brief includes 22 pages consisting of nothing more than a block quotation from a hearing transcript, followed by four pages of boilerplate law and fewer than two pages of a cursory argument. Moreover, counsel failed to obtain the transcript for the first of the two sentencing hearings held in this case.

This is not the first time counsel has been admonished for pursuing meritless appeals. *See In re Josh Norrell*, No. 24-98004 (5th Cir. 13 June, 2024). In the light of the foregoing, counsel is ordered to show cause, within 30 days of the date of this opinion, why this court should not impose sanctions, which may include the denial of payment for services rendered and

2

No. 24-20384

expenses incurred in this appeal. *See United States v. Gaitan*, 171 F.3d 222, 222–24 (5th Cir. 1999).

APPEAL DISMISSED; SHOW CAUSE ORDER ISSUED.