# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2025

Lyle W. Cayce
Clerk

_____

No. 24-50912
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Alma Rosa Polendo,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:02-CR-14-1

_____

Before Barksdale, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Alma Rosa Polendo pleaded guilty in early 2002, pursuant to a written plea agreement containing an appeal waiver, to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (prohibiting possession with intent to distribute), (b)(1)(A) (setting penalty), and 21 U.S.C. § 846 (prohibiting conspiracy). Shortly after

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

pleading guilty, she fled to Mexico.  She was sentenced *in absentia*.  After being rearrested almost 21 years later, in late 2024, she was resentenced, on her motion, and received a lesser sentence.

Polendo challenges her 2002 guilty plea and the substantive reasonableness of her 2024 within-Guidelines 151-months' imprisonment sentence and five years' supervised release. The Government seeks enforcement of her appeal waiver only for her substantive-reasonableness challenge.  In the absence of the Government's objection, the waiver is not binding for her guilty-plea contention. *E.g.*, *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006) ("[Defendant]'s waiver of appeal is enforceable to the extent that the government invokes the waiver provision in [her] plea agreement.").

Polendo challenges her guilty plea based on the unavailability of her rearraignment transcript in district court.  A motion to withdraw a guilty plea is reviewed for abuse of discretion.  *United States v. Lord*, 915 F.3d 1009, 1013–14 (5th Cir. 2019).  In determining whether defendant may withdraw her guilty plea after acceptance but before sentencing, our court applies the seven-factor test provided in *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984).

Polendo's rearraignment transcript is now part of the record on appeal, and she fails to raise the *Carr* factors or controlling authority in her briefing.  Accordingly, she does not show the district court "base[d] its decision on an error of law or a clearly erroneous assessment of the evidence".  *Lord*, 915 F.3d at 1014 (citation omitted).

Regarding Polendo's contending her sentence is substantively unreasonable, and as noted *supra*, the Government seeks enforcement of her appeal waiver.  An appeal waiver's applicability is reviewed *de novo*. *E.g.*, *United States v. Jacobs*, 635 F.3d 778, 780–81 (5th Cir. 2011).  A valid appeal

No. 24-50912

waiver must: be "knowing and voluntary"; and "appl[y] to the circumstances at hand, based on the plain language of the agreement". *Id.* at 781 (citation omitted).

Because Polendo does not assert the appeal waiver is ineffective, uninformed, involuntary, or otherwise unenforceable, she has abandoned this issue. *E.g.*, *United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992) ("Failure to prosecute an issue on appeal constitutes waiver of the issue."). Accordingly, her substantive-reasonableness challenge is barred. *See United States v. Cruz-Romero*, 848 F.3d 399, 402 (5th Cir. 2017).

AFFIRMED.